IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW GIBSON and <br> KRISTINE GIBSON <br>     Plaintiffs <br><br> v. <br><br> LIBERTY INSURANCE <br> CORPORATION, DARRELL SCOTT, <br> TRACY AINSWORTH, and <br> HOLLY VAUGHAN, <br>     Defendants | § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-cv-3099 |

## NOTICE OF REMOVAL OF ACTION UNDER
## 28 U.S.C. §§ 1332 AND 1441(b) (DIVERSITY)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Liberty Insurance Corporation ("Liberty"), Darrell Scott, Tracy Ainsworth and Holly Vaughan hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Northern District of Texas, Dallas Division, of the action styled *Matthew Gibson and Kristine Gibson v. Liberty Mutual Insurance Company, Darrell Scott, Tracy Ainsworth and Holly Vaughan*; Cause No. DC-16-12738; currently pending in the 95th Judicial District Court of Dallas County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## FACTS

1. Plaintiffs filed suit in the State Court Case on September 27, 2016, as the result of alleged delay or denial of benefits under their homeowners' insurance policy. Plaintiffs allege that Liberty breached its contract with Plaintiffs, violated provisions of the Texas Insurance Code

and Texas Deceptive Trade Practices Act, breached the common law duty of good faith and fair dealing in the adjustment and handling of Plaintiffs' claim by delaying and denying benefits, and allege fraud and conspiracy to commit fraud, following their loss on or about February 7, 2016. *See Plaintiffs' Original Petition* (the "Petition") at 4-14. Plaintiffs also seek actual damages, treble damages, economic damages, and consequential damages under the Texas Insurance Code, court costs and attorneys' fees for Liberty's wrongful denial of the claim and statutory prompt payment penalties. Liberty denies that Plaintiffs are entitled to these benefits or damages.

2. Defendant Liberty was served with the First Amended Petition on November 1, 2016. Liberty filed its Original Answer on November 4, 2016. Defendant Scott was served with the Original Petition and citation on October 19, 2016 and filed his answer on October 28, 2016. Defendant Ainsworth was served with the Original Petition and citation on October 7, 2016 and filed his answer on October 27, 2016. Defendant Vaughan was served with the Original Petition and citation on October 5, 2016 and filed her answer on October 28, 2016. A true and correct copy of all pleadings, process, orders and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3. Pursuant to TEX. R. CIV. P. 47, Plaintiffs' First Amended Petition states that Plaintiffs seek monetary relief over $1,000,000. Petition at 3.

4. Complete diversity exists between the Plaintiffs and Defendant Liberty now as well as on the date of filing of the State Court Case. Plaintiffs are citizens and residents of the State of Texas. Petition at 1. Defendant Liberty Insurance Corporation is an insurance company incorporated in Illinois with its principal place of business in Massachusetts. Liberty is a citizen of Illinois and Massachusetts and not the State of Texas.

5. Defendants Scott, Ainsworth and Vaughan are Texas residents and were improperly joined to defeat diversity jurisdiction in this case. Plaintiffs made a jury demand in the State Court Case.

6. This is a civil action which may be removed to this Court by Defendant Liberty pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Liberty is not a citizen of the State of Texas.

## II.
## DEFENDANTS SCOTT, AINSWORTH AND VAUGHAN ARE IMPROPERLY JOINED TO DEFEAT DIVERSITY

7. The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). A reasonable basis means more than a mere hypothetical basis. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper. *McDonald v. Abbot Labs*, 408 F.3d 177, 183 (5th Cir. 2005).

8. Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir 1999). The *Griggs*' court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud and misrepresentation

under Texas law. *Id.* at 702. "The Fifth Circuit has bluntly rejected the contention that merely a theoretical possibility of recovery will suffice to preclude removal . . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir 2000)).

9. In this case, Plaintiffs have not pled any factual allegations regarding Defendants Scott, Ainsworth and Vaughan that could form the basis of an independent cause of action against them as opposed to the carrier. In this case, the insurance carrier made the decision that the policy should be rescinded based upon material misrepresentations made by Plaintiffs in their application. The decision was made by Liberty and communicated to Plaintiffs by the underwriting department. Plaintiffs have not alleged any facts in their petition that would support liability against the adjusters for Liberty's decision to rescind the policy and the facts alleged against Scott, Ainsworth and Vaughan regarding their handling of Plaintiffs' claim are not relevant to the primary issue in this case—whether the policy was properly rescinded by Liberty. Texas law does not contemplate that adjusters like Scott, Ainsworth and Vaughan will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 09 S.W.2d 516 (Tex. App.–Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims.) Defendants Scott, Ainsworth and Vaughan have been improperly joined for the sole purpose of defeating diversity.

## III.
## PROCEDURAL REQUIREMENTS

10. This action is a civil action which may be removed to this Court by Liberty pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and Liberty is not a citizen of the State of Texas.

11. Pursuant to 28 U.S.C. §§ 1446(d) written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 95th Judicial District Court of Dallas County, Texas, promptly after the filing of this Notice.

13. Attached hereto and incorporated herein, are the following items:

   Exhibit A: A true and correct copy of all pleadings, process and orders served in this action

   Exhibit B: State Court Case Docket Sheet

   Exhibit C: List of all counsel of record

   Exhibit D: Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendants Liberty Insurance Corporation, Darrell Scott, Tracy Ainsworth and Holly Vaughan request that this action be removed from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205


By: /s/ Laura D. Tubbs
Catherine L. Hanna
State Bar No. 08918280
Email: channa@hannaplaut.com
Laura D. Tubbs
State Bar No. 24052792
Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2016, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECT system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

*Via Facsimile (210) 472-1110*
Matthew R. Pearson
Gravely & Pearson, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205

*Via Facsimile (801) 742-8380*
Joann Shields
The Shields Law Firm
13636 Vestry, Suite 1000
Draper, Utah 84020
*Attorneys for Plaintiffs*

/s/ Laura D. Tubbs
Laura D. Tubbs