# EXHIBIT "A"

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Matthew Gibson and Kristine Gibson vs. Liberty Mutual Insurance Company, Darrell Scott, Tracy Ainsworth, and Holly Vaughan
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Matthew Pearson
Email: mpearson@gplawfirm.com

Address: 425 Soledad, Suite 600
Telephone: 210-472-1111

City/State/Zip: San Antonio, Texas 78205
Fax: 210-472-1110

Signature: *[signature]*
State Bar No: 00788173

### Names of parties in case:

Plaintiff(s)/Petitioner(s):
Matthew Gibson
Kristine Gibson

Defendant(s)/Respondent(s):
Liberty Mutual Insurance Company
Darrell Scott, Tracy Ainsworth
Holly Vaughan

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

### Tax
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

FILED
DALLAS COUNTY
9/27/2016 3:12:30 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

CAUSE NO. DC-16-12738
_____

| | | |
|---|---|---|
| MATTHEW GIBSON and | § | IN THE DISTRICT COURT |
| KRISTINE GIBSON | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | D-95 TH JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL | § | |
| INSURANCE COMPANY, DARRELL | § | |
| SCOTT, TRACY AINSWORTH, and | § | |
| HOLLY VAUGHAN | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs, MATTHEW GIBSON AND KRISTINE GIBSON ("Plaintiffs"),

and file this Original Petition against Defendants LIBERTY MUTUAL INSURANCE

COMPANY ("Liberty Mutual" or "Insurance Defendant") and DARRELL SCOTT ("Scott"),

TRACY AINSWORTH ("Ainsworth"), and HOLLY VAUGHAN ("Vaughan") (collectively

"Adjusters") for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct

discovery under Level 3.

### II. VENUE

Venue is appropriate in Dallas County, Texas because Defendants Scott and Vaughan

reside in Dallas County, and Defendant Liberty Mutual does business in Dallas County, Texas.

### III. PARTIES

Plaintiffs reside in Lynn County, Texas.

Defendant Liberty Mutual is in the business of insurance in the State of Texas. The insurance business done by Liberty Mutual in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

Defendant, Liberty Mutual Insurance Company, may be cited with process by Certified Mail Return Receipt Requested in c/o Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

Defendant, Darrell Scott, is an Adjuster and he may be cited with process by Certified Mail Return Receipt Requested at 2120 W. Walnut Hill Lane, Suite 220, Irving, Texas 75038. The Adjuster engages in the business of insurance in Texas.

Defendant, Tracy Ainsworth, is an Adjuster and he may be cited with process by Certified Mail Return Receipt Requested at 17091 West Lake Circle, Whitehouse, Texas 75791 The Adjuster engages in the business of insurance in Texas.

Defendant, Holly Vaughan, is an Adjuster and he may be cited with process by Certified Mail Return Receipt Requested at 2120 W. Walnut Hill Lane, Suite 220, Irving, Texas 75038. The Adjuster engages in the business of insurance in Texas.

#### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiffs' home. Plaintiffs seek damages for breach of contract, violations of the Texas Insurance Code, violations

of the Deceptive Trade Practices Act, and common law bad faith.  Plaintiffs also seek their attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000.

## V. BACKGROUND FACTS

Plaintiffs own a home located at 822 Baldridge Street, O'Donnell, Texas 79351.  The home is covered by a policy, numbered H37-298-102322-70, of insurance which the Insurance Defendant sold to Plaintiffs (the "Policy"). The Policy covered the Plaintiffs' property and its contents against loss by fire, among other perils.  The Insurance Defendant provided coverage to the Plaintiff for such buildings, personal property, additional living expenses ("ALE"), and other matters under the Policy described above.

On or about February 7, 2016, during the term of said Policy, the Plaintiffs' home sustained extensive damage as a consequence of a fire which left the home uninhabitable and irreparable.  All personal property in the home was destroyed.  Plaintiff promptly reported the loss to the Insurance Defendant pursuant to the terms of the insurance policy.

The carrier assigned the claim to the Adjusters, Scott, Ainsworth, and Vaughan, among others, to investigate, report on and adjust the loss.  Defendant Ainsworth was the Adjuster coordinating the work of all of the adjusters.  Vaughan was the adjuster primarily responsible for adjusting the personal property loss.  Scott investigated Plaintiffs' losses as an investigator in Liberty Mutual's Special Investigations Unit.

Plaintiffs provided information to the Adjusters and opportunities for the Adjusters to inspect the property.

3

The Insurance Defendant and Adjusters have failed and refused to pay Plaintiffs in accordance with their promises under the Policy.

Plaintiffs have suffered property damage which has not been paid, even though the amounts are well-established and have been provided to the Insurance Defendant and the Adjusters.

The Insurance Defendant and the Adjusters failed to fully and adequately inspect the damage to Plaintiffs' property. The Insurance Defendant and the Adjusters failed to properly inspect and adjust the loss and instead searched for an excuse to deny the claim. Specifically, the Insurance Defendant and the Adjusters alleged that the Insurance Policy was obtained through misrepresentation and rescinded the Policy, declaring it null and void as of its effective date, in order to avoid making payment on the covered loss. The Insurance Defendant had no reasonable basis for the cancellation of the policy. To date, the Adjusters have not recommended, and the Insurance Defendant has not made, full payment on the covered loss. This conduct constitutes breach of contract and is in violation of Tex. Ins. Code Sec. 541.060.

The Insurance Defendant has failed to make an attempt to settle Plaintiffs' claim in a fair manner, although its liability to the Plaintiffs under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

The Insurance Defendant refused to fully compensate Plaintiffs under the terms of the Policy even though the Insurance Defendant and the Adjusters failed to conduct a reasonable investigation. The Insurance Defendant and the Adjusters performed a result-oriented investigation of Plaintiffs' claim which resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

The Insurance Defendant and the Adjusters failed to meet their obligations under the Texas Insurance Code regarding timely beginning investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.055.

The Insurance Defendant and the Adjusters failed to accept or deny Plaintiffs' full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

The Insurance Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

### VI. CLAIMS AGAINST LIBERTY MUTUAL INSURANCE COMPANY

**Declaratory Judgment.** Plaintiffs re-allege the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiffs are entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiffs assert that the Policy is ambiguous and must be interpreted in favor of coverage and against the Insurance Defendant.

**Breach of Contract.** Plaintiffs re-allege the foregoing paragraphs. The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or anticipatory breach of the Insurance Defendant's contract with Plaintiffs. Plaintiffs have satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiffs bring an action for breach of contract against the Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual

damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, the Insurance Defendant has, among other violations, violated the following provisions of the Code:

1.  Insurance Code chapter 542, the Prompt Payment Act.

2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle their claim with respect to another portion of the policy;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiffs' claim without conducting a reasonable investigation.

Where statements were made by the Insurance Defendant, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code. The Insurance Defendant has also violated the Prompt Payment

of Claims Act, and Plaintiffs seek 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Violations of the Texas Deceptive Trade Practices Act.**   Plaintiffs re-allege the foregoing paragraphs.  At all times pertinent, Plaintiffs were "consumers" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

The Insurance Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- representing that the Policy had benefits which it did not have;

- representing that the Policy conferred or involved rights and remedies that it did not have;

- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;

- misrepresenting the terms of an agreement;

- representing that the Policy had characteristics, standards, or coverage which it did not have;

- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiffs into purchasing the Policy; and/or

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiffs' purchase of and claim under the Policy.  Plaintiffs relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiffs.  As a result of the foregoing conduct,

Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiffs will seek treble damages pursuant to DTPA Section 17.50(b)(1).

**"Common Law Bad Faith."** Plaintiffs re-allege the foregoing paragraphs. The Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiffs. The Insurance Defendant had no reasonable basis for the cancellation of the policy, and the Insurance Defendant knew or should have known of that fact. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiffs' claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and later wrongfully cancelled the policy, and Plaintiffs are entitled to extra-contractual damages, including exemplary damages. Plaintiffs have sustained serious damage to their property, both real and personal, as a result of the Insurance Defendant's refusal to honor the Policy. The Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiffs will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiffs' rights. Plaintiffs are entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

**Attorney's fees.** Plaintiffs re-allege the foregoing paragraphs. Plaintiffs have been required to engage the services of the undersigned attorneys and have agreed to pay their attorneys a reasonable fee for services expended and to be expended in the prosecution of their

claims against the Insurance Defendant through the trial court and all levels of the appellate process. Plaintiffs seek the recovery of all of their attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiffs seek the recovery of prejudgment and post-judgment interest.

### VII. CLAIMS AGAINST THE ADJUSTERS

**Violations of the Texas Insurance Code.** Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the Adjusters, Scott, Ainsworth, and Vaughan were engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Adjusters and their agents constitute one or more violations of the Texas Insurance Code. More specifically, Scott, Ainsworth, and Vaughan have, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle their claim with respect to another portion of the policy;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiffs' claim without conducting a reasonable investigation.

The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the loss and the claim to Scott, Ainsworth, and Vaughan who were at all pertinent times the agents of the Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of the Adjusters are attributed to the Insurance Defendant.

9

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Scott, Ainsworth, and Vaughan failed and refused to adjust the claim properly. Plaintiffs provided sufficient information to Scott, Ainsworth, and Vaughan to adjust and evaluate the loss and allowed them full and complete access to the property.  Scott, Ainsworth, and Vaughan failed to inspect the property and the damages, failed to timely request necessary information, failed to fully investigate the claim, failed to respond to requests for information from Plaintiffs, failed to assist the Plaintiffs in the processing of their claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant. As a result, to this date, Plaintiffs have not received full payment for the claim.

The Adjusters failed to fully and adequately investigate the claim, adjust the loss, and inspect the damage to Plaintiffs' property.  Instead, the Adjusters searched for an excuse to deny the claim.  Specifically, the Adjusters alleged that the Insurance Policy was obtained through misrepresentation and resulting in the Insurance Defendant's rescinding the Policy, declaring it null and void as of its effective date, in order to avoid making payment on the covered loss.  To date, the Adjusters have not recommended full payment on the covered loss.  The Insurance Defendant based its coverage decision solely on the recommendations of the Adjusters.

The Adjusters' actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Insured.

Where statements were made by Scott, Ainsworth, and Vaughan, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without

limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

Upon information and belief, Liberty Mutual relied solely on the Adjusters' estimate(s) and recommendation(s) in making decisions on Plaintiffs' claim. Thus, Scott, Ainsworth, and Vaughan were responsible for investigating, scoping, adjusting, and estimating the claim. The Adjusters' failure to properly investigate the claim and scope and estimate the loss directly led to the underpayment of Plaintiffs' claim. As a result of the Adjusters' conduct, the Insurance Defendant wrongfully rescinded the Policy and denied the claim. On information and belief, Scott, Ainsworth, and Vaughan never prepared a scope or estimate of the damage caused by the fire.

**Defendant Tracy Ainsworth** represented to Plaintiffs that he was the Liberty Mutual adjuster managing the Plaintiffs' entire claim. At all times during the claims process, Ainsworth was aware that Plaintiffs' home and all its contents had been destroyed and that they had no place to live. Plaintiffs called Ainsworth on or about February 29, 2016 for clarification on the claims process. During that phone call, Ainsworth misrepresented the terms of the policy by stating that there was no set number of days allowed for the investigation as long as Liberty Mutual was still investigating the loss and asking for information from the Plaintiffs.

Ainsworth deliberately delayed adjustment of the claim by making unreasonable requests for information and by intentionally giving Plaintiffs inadequate information regarding the claims process. Plaintiffs inadvertently submitted an incomplete Proof of Loss on February 18, 2016, and Ainsworth delayed requesting the additional information until eleven days later and then asserted that his request for information from Plaintiffs extended Liberty Mutual's time to

investigate the claim.  At that time, Plaintiffs called Ainsworth and requested direction on how to complete the Proof of Loss form.  In response to Plaintiffs' request for assistance, Ainsworth refused to give them clear instructions, telling them only to fill in whatever amount they wanted to claim.  When Plaintiffs pressed for more guidance, Ainsworth suggested that the Plaintiffs could have a contractor estimate the cost to rebuild their home, but made clear that Liberty Mutual would not pay for a contractor to do so.  Ainsworth failed to assist the Plaintiffs in the filing of their claim and placed the burden on Plaintiffs to prove their damages.

Ainsworth deliberately delayed the adjustment of the claim by making repeated and unreasonable requests for information.  When Plaintiffs resubmitted the completed Proof of Loss form, Ainsworth requested additional information from the contractor who provided the estimate of repairs, and Plaintiffs provided Ainsworth with the requested information on or about March 15, 2016.  On or around April 25, 2016, Ainsworth demanded line item details on the entire estimate submitted by Plaintiffs and stated that to support the estimate, Liberty Mutual required bids for the work.  This is particularly burdensome because Plaintiff had already informed Ainsworth that they do not plan to rebuild the dwelling on the same site.  Furthermore, Liberty Mutual, through Ainsworth, never provided Plaintiffs with any estimate to which their contractor could respond and instead placed the entire burden on Plaintiffs.  On or about May 20, 2016, Ainsworth again requested an itemization of the entire estimate and a more detailed breakdown of how the numbers were arrived at.

Defendant Ainsworth failed to give Plaintiffs accurate information about their claim and arrangements for Additional Living Expenses ("ALE").  When Plaintiffs attempted to make ALE arrangements with Ainsworth, he did not inform them of their options or any process they should follow, but instead told them that arrangements could not be made until Plaintiffs told him what

12

they planned to do.  To date, Plaintiffs have only been reimbursed for a small amount of their covered ALE.

Ainsworth failed to respond to Plaintiff's requests for records pertinent to their claims. In at least four letters sent to Ainsworth and the other adjusters during the claims process, Plaintiff requested the original tapes or transcribed copies of any recorded statements made by the Plaintiffs.  This is significant because the very application upon which Liberty Mutual based its denial of Plaintiffs' claim was finalized during a second sales call which Ainsworth did not provide to Plaintiffs.

**Defendant Holly Vaughan** was the adjuster primarily responsible for adjusting the personal property loss.  Plaintiffs submitted a detailed statement of their personal property loss amounting to $348,175.00 in a letter addressed to Vaughan on or about March 6, 2016.  Plaintiffs also provided to Liberty Mutual the receipts they could locate, photographs of some items of personal property, and two sets of spreadsheets.   This documentation was ample proof of Plaintiffs' lost personal property.  Although she was fully aware that all contents of the dwelling, including documents, were destroyed by the fire, Vaughan made unreasonable requests for additional information in order to delay the adjustment of the claim.  Vaughan misrepresented that Plaintiffs were not entitled to payment for their covered personal property loss because they allegedly provided less than $5,000 in receipts.  Vaughan refused to respond to inquiries from Plaintiffs.  Vaughan and Liberty Mutual never provided any estimate of the personal property loss nor made any offer of settlement.

**Defendant Darrell Scott** was the adjuster who investigated Plaintiffs' losses as an investigator in Liberty Mutual's Special Investigations Unit.  Scott conducted a results-oriented investigation of Plaintiffs' claims, not looking at the facts objectively but rather looking at them

subjectively to the benefit of the insurer.   When arson was ruled out, Scott focused his investigation on the homeowners' policy application process.  Scott nit-picked every answer on Plaintiffs' application until he stumbled upon an opportunity to cancel the Plaintiffs' policy. Scott failed to respond to Plaintiffs queries as to the status of their claim and Scott's investigation.

**Attorney's fees.**   Plaintiffs re-allege the foregoing paragraphs.   Plaintiffs have been required to engage the services of the undersigned attorneys and have agreed to pay their attorneys a reasonable fee for services expended and to be expended in the prosecution of their claims against the Adjusters through the trial court and all levels of the appellate process. Plaintiffs seek the recovery of all of their attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiffs seek the recovery of prejudgment and post-judgment interest.

### VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiffs to recover under the Policy has been or will be met.

### IX. JURY DEMAND

Plaintiffs request that a jury be convened to try the factual issues in this action.

### X. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants provide the information required in a Request for Disclosure.

### XI. REQUEST FOR PRODUCTION TO LIBERTY MUTUAL INSURANCE COMPANY

1.   Produce Liberty Mutual's complete claim file for Plaintiffs' losses.

2. Produce Liberty Mutual's complete underwriting file for Plaintiff's property which is the subject of this suit.

3. Produce all emails, notes, and other forms of communication between Liberty Mutual, its agents, Adjusters, employees, or representatives and Scott, Ainsworth, and Vaughan, and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' home which is the subject of this suit.

4. Produce the underwriting file, application for insurance and any notes, logs, statements, audio recordings, or inspections created or produced during the application process of the Policy at issue in this suit.

**XII. REQUEST FOR PRODUCTION TO AINSWORTH, VAUGHAN AND SCOTT**

1. Produce Your complete claim or adjusting file for Plaintiffs' losses relating to or arising out of any damage which occurred.

2. Produce all emails, notes, letters, and other forms of communication between You and Liberty Mutual, its agents, Adjusters, employees, or representatives relating to, mentioning, concerning or evidencing the Plaintiffs' losses which are the subject of this suit.

**XIII. PRAYER**

WHEREFORE, Plaintiffs seek the following relief:

A.      The Court's declaration that the Policy provides coverage for the damage to the home, less only a deductible;

B.      Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiffs;

C.      Damages against the Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.      Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E.      Damages against the Insurance Defendant and the Adjusters, jointly and severally, for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F. Damages against the Insurance Defendant and the Adjusters, jointly and severally, for violations of the Texas Deceptive Trade Practices Act, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

G. Damages against the Insurance Defendant and the Adjusters, jointly and severally, for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

H.  Plaintiffs also seek all other financial relief and rulings to which they may be legally or equitably entitled.

16

Respectfully submitted,

_____

MATTHEW R. PEARSON
State Bar No. 00788173
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110
mpearson@gplawfirm.com

And

JOANN SHIELDS
The Shields Law Firm
13636 Vestry, Suite 1000
Draper, Utah 84020
Telephone: (801) 816-99592
Facsimile: (801) 816-9593
jshields@shieldslawfirm.net

ATTORNEYS FOR PLAINTIFFS

17

# FORM NO. 353-3 – CITATION
# THE STATE OF TEXAS

To:   **LIBERTY MUTUAL INSURANCE COMPANY**
      **C/O CORPORATION SERVICE COMPANY**
      **211 EAST 7TH STREET SUITE 620**
      **AUSTIN TX  78701**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW GIBSON AND KRISTINE GIBSON**

Filed in said Court  **27th day of September, 2016** against

**LIBERTY MUTUAL INSURANCE COMPANY, DARRELL SCOTT, TRACY AINSWORTH,
AND HOLLY VAUGHAN**

For Suit, said suit being numbered **DC-16-12738,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE
AND REQUEST FOR PRODUCTION** a copy of which accompanies this citation.  If this citation is not
served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Gay Lane_ , Deputy
GAY LANE

---

**CERT MAIL**

**CITATION**

**DC-16-12738**

**MATTHEW GIBSON, et al**
vs.
**LIBERTY MUTUAL INSURANCE
COMPANY, et al**

ISSUED THIS
30th day of September, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO   TX 78205
210-472-1111

DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-16-12738

Court No.95th District Court

Style: MATTHEW GIBSON, et al

vs.

LIBERTY MUTUAL INSURANCE COMPANY, et al

Came to hand on the _____30TH_____ day of _SEPTEMBER_____, 2016_____, at _11:08_____ o'clock_____A__.M. Executed at 211 EAST 7TH STREET SUITE 620_____, within the County of _____ at _____ o'clock _____ .M. on the LIBERTY MUTUAL INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY US CERTIFIED MAIL RETURN RECEIPT RECEIVED AND SIGNED BY _____day of _____, 20_____, by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $__76.00_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____       _____

                                        Notary Public_____County_____

9214 8901 0661 5400 0093 2099 11

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **DARRELL SCOTT**
      **2120 W WALNUT HILL LANE SUITE 220**
      **IRVING TX 75038**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW GIBSON AND KRISTINE GIBSON**

Filed in said Court **27th day of September, 2016** against

**LIBERTY MUTUAL INSURANCE COMPANY, DARRELL SCOTT, TRACY AINSWORTH, AND HOLLY VAUGHAN**

For Suit, said suit being numbered **DC-16-12738**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
   GAY LANE

---

**CERT MAIL**

**CITATION**

**DC-16-12738**

**MATTHEW GIBSON, et al**
vs.
**LIBERTY MUTUAL INSURANCE COMPANY, et al**

**ISSUED THIS**
**30th day of September, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO   TX 78205
210-472-1111

DALLAS COUNTY CONSTABLE
FEES NOT PAID

FEES PAID

## OFFICER'S RETURN

Case No. : DC-16-12738

Court No.95th District Court

Style: MATTHEW GIBSON, et al

vs.

LIBERTY MUTUAL INSURANCE COMPANY, et al

Came to hand on the _____30TH_____ day of _SEPTEMBER_____, 2016_____, at _11:08_____ o'clock_____ A__.M. Executed at 2120 W

WALNUT HILL LANE, SUITE 220 _____, within the County of _____ at _____ o'clock _____.M. on the

_____day of_____, 20_____, by delivering to the within named DARRELL SCOTT BY US CERTIFIED

MAIL RETURN RECEIPT RECEIVED AND SIGNED BY

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $__76.00_____ | _____ | |
| For mileage | $_____ | of_____County,_____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0093 2105 97**

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **TRACIE AINSWORTH**
      **17091 WEST LAKE CIRCLE**
      **WHITEHOUSE TX 75791**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW GIBSON AND KRISTINE GIBSON**

Filed in said Court **27th day of September, 2016** against

**LIBERTY MUTUAL INSURANCE COMPANY, DARRELL SCOTT, TRACY AINSWORTH, AND HOLLY VAUGHAN**

For Suit, said suit being numbered **DC-16-12738**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
   GAY LANE

---

**CERT MAIL**

**CITATION**

**DC-16-12738**

**MATTHEW GIBSON, et al**
vs.
**LIBERTY MUTUAL INSURANCE COMPANY, et al**

ISSUED THIS
**30th day of September, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

---

**Attorney for Plaintiff**
MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO   TX 78205
210-472-1111

DALLAS COUNTY CONSTABLE

FEES        FEES NOT
PAID        PAID

# OFFICER'S RETURN

Case No. : DC-16-12738

Court No.95th District Court

Style: MATTHEW GIBSON, et al

vs.

LIBERTY MUTUAL INSURANCE COMPANY, et al

Came to hand on the _____30TH_____ day of _SEPTEMBER_____, 2016_____ , at _11:08_____ o'clock_____A__.M. Executed at 17091

WEST LAKE CIRCLE _____, within the County of _____ at _____ o'clock _____ .M. on the

_____ day of _____, 20_____, by delivering to the within named TRACY AINSWORTH BY US

CERTIFIED MAIL RETURN RECEIPT RECEIVED AND SIGNED BY

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $__76.00_____ | _____ |  |
| For mileage | $_____ | of_____County,_____ |  |
| For Notary | $_____ | By_____Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0093 2115 49**

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   HOLLY VAUGHAN
      2120 W WALNUT HILL LANE SUITE 220
      IRVING TX 75038

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW GIBSON AND KRISTINE GIBSON**

Filed in said Court **27th day of September, 2016** against

**LIBERTY MUTUAL INSURANCE COMPANY, DARRELL SCOTT, TRACY AINSWORTH,
AND HOLLY VAUGHAN**

For Suit, said suit being numbered **DC-16-12738,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE
AND REQUEST FOR PRODUCTION** a copy of which accompanies this citation.  If this citation is not
served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Gay Lane_ , Deputy
   GAY LANE

---

CERT MAIL

CITATION

DC-16-12738

**MATTHEW GIBSON, et al
vs.
LIBERTY MUTUAL INSURANCE
COMPANY, et al**

ISSUED THIS
30th day of September, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO   TX 78205
210-472-1111

---

DALLAS COUNTY CONSTABLE
FEES            FEES NOT
PAID            PAID

# OFFICER'S RETURN

Case No. : DC-16-12738

Court No.95th District Court

Style: MATTHEW GIBSON, et al

vs.

LIBERTY MUTUAL INSURANCE COMPANY, et al

Came to hand on the _____30TH_____ day of _SEPTEMBER_____ , 2016_____ , at _11:08_____ o'clock_____A__.M. Executed at 2120 W WALNUT HILL LANE, SUITE 220 _____ , within the County of _____ at _____ o'clock _____.M. on the _____ day of _____ , 20_____ , by delivering to the within named HOLLY VAUGHAN BY US CERTIFIED MAIL RETURN RECEIPT RECEIVED AND SIGNED BY

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                        |              |                                        |
|------------------------|--------------|----------------------------------------|
| For serving Citation   | $__76.00_____  | _____ |
| For mileage            | $_____     | of_____County,_____ |
| For Notary             | $_____     | By_____Deputy  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____ , 20_____ ,

to certify which witness my hand and seal of office.

9214 8901 0661 5400 0093 2119 69

Notary Public:_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **TRACIE AINSWORTH**
      **17091 WEST LAKE CIRCLE**
      **WHITEHOUSE TX 75791**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW GIBSON AND KRISTINE GIBSON**

Filed in said Court **27th day of September, 2016** against

**LIBERTY MUTUAL INSURANCE COMPANY, DARRELL SCOTT, TRACY AINSWORTH, AND HOLLY VAUGHAN**

For Suit, said suit being numbered <u>**DC-16-12738**</u>, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Gay Lane_ , Deputy
GAY LANE



DALLAS COUNTY CONSTABLE
FEES PAID          FEES NOT PAID

---

<u>CERT MAIL</u>

CITATION

DC-16-12738

**MATTHEW GIBSON, et al**
vs.
**LIBERTY MUTUAL INSURANCE COMPANY, et al**

ISSUED THIS
30th day of September, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO TX 78205
210-472-1111

# **OFFICER'S RETURN**

Case No. : DC-16-12738

Court No.95th District Court

Style: MATTHEW GIBSON, et al

vs.

LIBERTY MUTUAL INSURANCE COMPANY, et al

Came to hand on the _____30TH_____ day of _SEPTEMBER_____, 2016_____, at _11:08_____ o'clock_____ A__.M. Executed at 17091 WEST LAKE CIRCLE _____, within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named TRACY AINSWORTH BY US CERTIFIED MAIL RETURN RECEIPT RECEIVED AND SIGNED BY

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $__76.00_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.
**9214 8901 0661 5400 0093 2115 49**

_____

Notary Public_____County_____

## OFFICER'S RETURN

Case No. : DC-16-12738

Court No. 95th District Court

Style: MATTHEW GIBSON, et al

vs.

LIBERTY MUTUAL INSURANCE COMPANY, et al

Came to hand on the _____30TH_____ day of _SEPTEMBER_____, 2016_____, at _11:08_____ o'clock_____A___.M. Executed at 2120 W

WALNUT HILL LANE, SUITE 220 _____, within the County of _____ at _9:11_ o'clock _a_.M. on the

_5th_ day of _October_ , 20 _16_ , by delivering to the within named HOLLY VAUGHAN BY US CERTIFIED

MAIL RETURN RECEIPT RECEIVED AND SIGNED BY

_____ *Chris Sanzan*

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_76.00_____ | *Chris Sanzan* |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20_____,

to certify which witness my hand and seal of office.

9214 8901 0661 5400 0093 2119 69

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

_____

Notary Public_____ County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **HOLLY VAUGHAN**
          **2120 W WALNUT HILL LANE SUITE 220**
          **IRVING TX 75038**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MATTHEW GIBSON AND KRISTINE GIBSON**

Filed in said Court  **27th day of September, 2016** against

**LIBERTY MUTUAL INSURANCE COMPANY, DARRELL SCOTT, TRACY AINSWORTH,
AND HOLLY VAUGHAN**

For Suit, said suit being numbered **DC-16-12738,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE
AND REQUEST FOR PRODUCTION** a copy of which accompanies this citation.  If this citation is not
served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
   GAY LANE

---

**CERT MAIL**

**CITATION**

**DC-16-12738**

**MATTHEW GIBSON, et al**
vs.
**LIBERTY MUTUAL INSURANCE
COMPANY, et al**

ISSUED THIS
**30th day of September, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO   TX  78205
210-472-1111

---

**DALLAS COUNTY CONSTABLE**
FEES          FEES NOT
PAID          PAID

Date: October 6, 2016

MAIL MAIL:

The following is in response to your October 6, 2016 request for delivery information on your Certified Mail™/RRE item number 9214890106615400093209911. The delivery record shows that this item was delivered on October 5, 2016 at 9:11 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 9214890106615400093209911
DC1612738/ GDL
C/O CORPORATION SERVICE COMPANY
LIBERTY MUTUAL INSURANCE COMPANY
211 E 7th St Ste 620
Austin, TX 78701-3218

FILED
DALLAS COUNTY
10/28/2016 3:23:39 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-12738

| | | |
|---|---|---|
| **MATTHEW GIBSON and** | § | **IN THE DISTRICT COURT** |
| **KRISTINE GIBSON,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY, DARRELL SCOTT,** | § | |
| **TRACY AINSWORTH, and** | § | |
| **HOLLY VAUGHAN,** | § | |
| **Defendants** | § | **95TH JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER, VERIFIED DENIAL AND VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Liberty Mutual Insurance Company, Darrell Scott, Tracy Ainsworth and Holly Vaughan ("Defendants") and file Defendants' Original Answer, Verified Denial and Verified Plea in Abatement to Plaintiffs' Original Petition and for such would respectfully show the Court the following:

## I.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendants deny each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence at the final trial of this case.

## II.
## VERIFIED DENIAL

Pursuant to Texas Rule of Civil Procedure 93, Defendant Liberty Mutual Insurance Company denies that it is a proper party to this lawsuit on the grounds that it did not issue the relevant insurance policy in this case. The insurance policy at issue in this lawsuit was issued by Liberty Insurance Corporation.

## III.
## AFFIRMATIVE DEFENSES

**Rescission.** Defendants further aver and assert that Plaintiffs' claims are barred, in whole or in part, because the Policy on which they base their claims was rescinded based on their material misrepresentations on the application for insurance.

**No Action Clause/Failure to Satisfy Policy Conditions.** Pleading in the alternative, Defendants further aver and assert that Plaintiffs have failed to satisfy all conditions precedent to bringing this suit under their homeowners' insurance policy. The Policy provides that "no action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy." The Conditions of Section I of the Policy require:

1.    that the insureds cooperate with us in the investigation of a claim;

2.    prepare an inventory of damaged personal property showing the quantity, description, actual case value and amount of loss;

3.    provide us with records and documents we request; and

4.    submit to an examination under oath.

Plaintiffs' failure to comply with these Policy conditions means that their suit should be dismissed and/or abated until they have complied.

## IV.
## PLEA IN ABATEMENT

Plaintiffs allege that Defendants acted in bad faith by failing to pay the appropriate benefits under their homeowners' insurance policy for damage caused by a fire that occurred on or about February 7, 2016. In addition to causes of action for breach of contract, fraud and breach of the common-law duty of good faith and fair dealing, Plaintiffs have also asserted causes of action for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See* Plaintiff's Original Petition at pp. 5-14.

Defendants are entitled to abatement because Plaintiffs did not give written notice of their claims at least 60 days before filing suit as required by Section 17.505 of The Texas Deceptive Trade Practices Act and Section 541.154 of the Texas Insurance Code. *See also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 176 (Tex. 1999). The applicable sections require that a person seeking damages under these statutes give written notice of their claims at least 60 days before filing suit. The written notice must include a description of the specific complaint and the amount of actual damages and expenses, including attorneys' fees, reasonably incurred in asserting the claim. Plaintiffs sent their notice letter on September 27, 2016, the same day that they filed this lawsuit. Plaintiffs did not provide proper notice of their claims 60 days prior to filing suit and Defendants are entitled to an abatement of this suit.

WHEREFORE, PREMISES CONSIDERED, Defendants Liberty Mutual Insurance Company, Darrell Scott, Tracy Ainsworth and Holly Vaughan respectfully pray that this action be abated until 60 days after proper written notice is served in compliance with Section 541.154 of the Texas Insurance Code and Section 17.505 of the Deceptive Trade Practices Act; that upon final hearing hereof, Plaintiffs take nothing by reason of this action, that Defendants be awarded their costs of court, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email: channa@hannaplaut.com
Laura D. Tubbs
State Bar No. 24052792
Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 28th day of October, 2016 to:

*Via Facsimile (210) 472-1110*
Matthew R. Pearson
Gravely & Pearson, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205

*Via Facsimile (801) 816-9593*
Joann Shields
The Shields Law Firm
13636 Vestry, Suite 1000
Draper, Utah 84020
*Attorneys for Plaintiff*

_____
Catherine L. Hanna

## **VERIFICATION**

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

   BEFORE ME, the undersigned authority in and for the State of Texas, on this day personally appeared Catherine L. Hanna known to me to be the same person whose name is subscribed hereto, who being first duly sworn in the manner provided by law on oath stated that she is duly qualified to make this affidavit on behalf of Defendants Liberty Mutual Insurance Company, Darrell Scott, Tracy Ainsworth and Holly Vaughan in the above-entitled and numbered cause, that she has read Paragraphs II and IV of the Original Answer, Verified Denial and Verified Plea in Abatement and the matters stated therein are within her personal knowledge and are true and correct.

_____
Catherine L. Hanna

   SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the _____ day of October, 2016, to certify which witness my hand and official seal of office.

LISA MARIE PETRIE
NOTARY PUBLIC
ID# 46035-2
State of Texas
Comm. Exp. 08-20-2020

_____
Notary Public in and for the State of Texas

FILED
DALLAS COUNTY
11/1/2016 1:28:19 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

CAUSE NO. DC-16-12738

| | | |
|---|---|---|
| MATTHEW GIBSON and | § | IN THE DISTRICT COURT |
| KRISTINE GIBSON | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | 95TH JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, DARRELL | § | |
| SCOTT, TRACY AINSWORTH, and | § | |
| HOLLY VAUGHAN | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs, MATTHEW GIBSON AND KRISTINE GIBSON ("Plaintiffs"), and file this First Amended Petition against Defendants LIBERTY INSURANCE CORPORATION ("Liberty" or "Insurance Defendant") and DARRELL SCOTT ("Scott"), TRACY AINSWORTH ("Ainsworth"), and HOLLY VAUGHAN ("Vaughan") (collectively "Adjusters") for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Dallas County, Texas because Defendants Scott and Vaughan reside in Dallas County, and Defendant Liberty Insurance Corporation does business in Dallas County, Texas.

### III. PARTIES

Plaintiffs reside in Lynn County, Texas.

Defendant Liberty Insurance Corporation is in the business of insurance in the State of Texas. The insurance business done by Liberty Insurance Corporation in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

Defendant, Liberty Insurance Corporation, may be cited with process by Certified Mail Return Receipt Requested in c/o their attorney of record, Catherine L. Hanna, Hanna & Plaut, LLP, 211 East Seventh Street, Suite 6000, Austin, Texas 78701.

Defendant, Darrell Scott, is an Adjuster who engages in the business of insurance in Texas. Darrell Scott has made an appearance in this suit and, pursuant to the Texas Rules of Civil Procedure, may be served through his counsel of record.

Defendant, Tracy Ainsworth, is an Adjuster who engages in the business of insurance in Texas. Tracy Ainsworth has made an appearance in this suit and, pursuant to the Texas Rules of Civil Procedure, may be served through his counsel of record.

Defendant, Holly Vaughan, is an Adjuster who engages in the business of insurance in Texas. Holly Vaughan has made an appearance in this suit and, pursuant to the Texas Rules of Civil Procedure, may be served through her counsel of record.

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiffs' home. Plaintiffs seek damages for breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and common law bad faith. Plaintiffs also seek their attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000.

### V. BACKGROUND FACTS

Plaintiffs own a home located at 822 Baldridge Street, O'Donnell, Texas 79351. The home is covered by a policy, numbered H37-298-102322-70, of insurance which the Insurance Defendant sold to Plaintiffs (the "Policy"). The Policy covered the Plaintiffs' property and its contents against loss by fire, among other perils. The Insurance Defendant provided coverage to the Plaintiff for such buildings, personal property, additional living expenses ("ALE"), and other matters under the Policy described above.

On or about February 7, 2016, during the term of said Policy, the Plaintiffs' home sustained extensive damage as a consequence of a fire which left the home uninhabitable and irreparable. All personal property in the home was destroyed. Plaintiff promptly reported the loss to the Insurance Defendant pursuant to the terms of the insurance policy.

The carrier assigned the claim to the Adjusters, Scott, Ainsworth, and Vaughan, among others, to investigate, report on and adjust the loss. Defendant Ainsworth was the Adjuster coordinating the work of all of the adjusters. Vaughan was the adjuster primarily responsible for adjusting the personal property loss. Scott investigated Plaintiffs' losses as an investigator in Liberty's Special Investigations Unit.

Plaintiffs provided information to the Adjusters and opportunities for the Adjusters to inspect the property.

The Insurance Defendant and Adjusters have failed and refused to pay Plaintiffs in accordance with their promises under the Policy.

Plaintiffs have suffered property damage which has not been paid, even though the amounts are well-established and have been provided to the Insurance Defendant and the Adjusters.

The Insurance Defendant and the Adjusters failed to fully and adequately inspect the damage to Plaintiffs' property. The Insurance Defendant and the Adjusters failed to properly inspect and adjust the loss and instead searched for an excuse to deny the claim. Specifically, the Insurance Defendant and the Adjusters alleged that the Insurance Policy was obtained through misrepresentation and rescinded the Policy, declaring it null and void as of its effective date, in order to avoid making payment on the covered loss. The Insurance Defendant had no reasonable basis for the cancellation of the policy. To date, the Adjusters have not recommended, and the Insurance Defendant has not made, full payment on the covered loss. This conduct constitutes breach of contract and is in violation of Tex. Ins. Code Sec. 541.060.

The Insurance Defendant has failed to make an attempt to settle Plaintiffs' claim in a fair manner, although its liability to the Plaintiffs under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

The Insurance Defendant refused to fully compensate Plaintiffs under the terms of the Policy even though the Insurance Defendant and the Adjusters failed to conduct a reasonable investigation. The Insurance Defendant and the Adjusters performed a result-oriented investigation of Plaintiffs' claim which resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

The Insurance Defendant and the Adjusters failed to meet their obligations under the Texas Insurance Code regarding timely beginning investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.055.

The Insurance Defendant and the Adjusters failed to accept or deny Plaintiffs' full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

The Insurance Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

## VI. CLAIMS AGAINST LIBERTY INSURANCE CORPORATION

**Declaratory Judgment.** Plaintiffs re-allege the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiffs are entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiffs assert that the Policy is ambiguous and must be interpreted in favor of coverage and against the Insurance Defendant.

**Breach of Contract.** Plaintiffs re-allege the foregoing paragraphs. The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or anticipatory breach of the Insurance Defendant's contract with Plaintiffs. Plaintiffs have satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiffs bring an action for breach of contract against the Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek

all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, the Insurance Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle their claim with respect to another portion of the policy;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiffs' claim without conducting a reasonable investigation.

Where statements were made by the Insurance Defendant, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code. The Insurance Defendant has also violated the Prompt Payment of Claims

Act, and Plaintiffs seek 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Violations of the Texas Deceptive Trade Practices Act.** Plaintiffs re-allege the foregoing paragraphs. At all times pertinent, Plaintiffs were "consumers" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

The Insurance Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- representing that the Policy had benefits which it did not have;

- representing that the Policy conferred or involved rights and remedies that it did not have;

- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;

- misrepresenting the terms of an agreement;

- representing that the Policy had characteristics, standards, or coverage which it did not have;

- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiffs into purchasing the Policy; and/or

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiffs' purchase of and claim under the Policy. Plaintiffs relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiffs. As a result of the foregoing conduct, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

7

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiffs will seek treble damages pursuant to DTPA Section 17.50(b)(1).

**"Common Law Bad Faith."** Plaintiffs re-allege the foregoing paragraphs. The Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. The Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiffs. The Insurance Defendant had no reasonable basis for the cancellation of the policy, and the Insurance Defendant knew or should have known of that fact. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, the Insurance Defendant has "investigated" and "adjusted" Plaintiffs' claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and later wrongfully cancelled the policy, and Plaintiffs are entitled to extra-contractual damages, including exemplary damages. Plaintiffs have sustained serious damage to their property, both real and personal, as a result of the Insurance Defendant's refusal to honor the Policy. The Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiffs will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiffs' rights. Plaintiffs are entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

**Attorney's fees.** Plaintiffs re-allege the foregoing paragraphs. Plaintiffs have been required to engage the services of the undersigned attorneys and have agreed to pay their attorneys a reasonable fee for services expended and to be expended in the prosecution of their claims against the Insurance Defendant through the trial court and all levels of the appellate process. Plaintiffs seek the recovery of all of their attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiffs seek the recovery of prejudgment and post-judgment interest.

## VII. CLAIMS AGAINST THE ADJUSTERS

**Violations of the Texas Insurance Code.** Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the Adjusters, Scott, Ainsworth, and Vaughan were engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Adjusters and their agents constitute one or more violations of the Texas Insurance Code. More specifically, Scott, Ainsworth, and Vaughan have, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle their claim with respect to another portion of the policy;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiffs' claim without conducting a reasonable investigation.

The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the loss and the claim to Scott, Ainsworth, and Vaughan who were at all pertinent times the agents of the Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of the Adjusters are attributed to the Insurance Defendant.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Scott, Ainsworth, and Vaughan failed and refused to

9

adjust the claim properly. Plaintiffs provided sufficient information to Scott, Ainsworth, and Vaughan to adjust and evaluate the loss and allowed them full and complete access to the property. Scott, Ainsworth, and Vaughan failed to inspect the property and the damages, failed to timely request necessary information, failed to fully investigate the claim, failed to respond to requests for information from Plaintiffs, failed to assist the Plaintiffs in the processing of their claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant. As a result, to this date, Plaintiffs have not received full payment for the claim.

The Adjusters failed to fully and adequately investigate the claim, adjust the loss, and inspect the damage to Plaintiffs' property. Instead, the Adjusters searched for an excuse to deny the claim. Specifically, the Adjusters alleged that the Insurance Policy was obtained through misrepresentation and resulting in the Insurance Defendant's rescinding the Policy, declaring it null and void as of its effective date, in order to avoid making payment on the covered loss. To date, the Adjusters have not recommended full payment on the covered loss. The Insurance Defendant based its coverage decision solely on the recommendations of the Adjusters.

The Adjusters' actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Insured.

Where statements were made by Scott, Ainsworth, and Vaughan, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

10

Upon information and belief, Liberty relied solely on the Adjusters' estimate(s) and recommendation(s) in making decisions on Plaintiffs' claim. Thus, Scott, Ainsworth, and Vaughan were responsible for investigating, scoping, adjusting, and estimating the claim. The Adjusters' failure to properly investigate the claim and scope and estimate the loss directly led to the underpayment of Plaintiffs' claim. As a result of the Adjusters' conduct, the Insurance Defendant wrongfully rescinded the Policy and denied the claim. On information and belief, Scott, Ainsworth, and Vaughan never prepared a scope or estimate of the damage caused by the fire.

**Defendant Tracy Ainsworth** represented to Plaintiffs that he was the Liberty adjuster managing the Plaintiffs' entire claim. At all times during the claims process, Ainsworth was aware that Plaintiffs' home and all its contents had been destroyed and that they had no place to live. Plaintiffs called Ainsworth on or about February 29, 2016 for clarification on the claims process. During that phone call, Ainsworth misrepresented the terms of the policy by stating that there was no set number of days allowed for the investigation as long as Liberty was still investigating the loss and asking for information from the Plaintiffs.

Ainsworth deliberately delayed adjustment of the claim by making unreasonable requests for information and by intentionally giving Plaintiffs inadequate information regarding the claims process. Plaintiffs inadvertently submitted an incomplete Proof of Loss on February 18, 2016, and Ainsworth delayed requesting the additional information until eleven days later and then asserted that his request for information from Plaintiffs extended Liberty's time to investigate the claim. At that time, Plaintiffs called Ainsworth and requested direction on how to complete the Proof of Loss form. In response to Plaintiffs' request for assistance, Ainsworth refused to give them clear instructions, telling them only to fill in whatever amount they wanted to claim. When Plaintiffs pressed for more guidance, Ainsworth suggested that the Plaintiffs could have a contractor

estimate the cost to rebuild their home, but made clear that Liberty would not pay for a contractor to do so.  Ainsworth failed to assist the Plaintiffs in the filing of their claim and placed the burden on Plaintiffs to prove their damages.

Ainsworth deliberately delayed the adjustment of the claim by making repeated and unreasonable requests for information.  When Plaintiffs resubmitted the completed Proof of Loss form, Ainsworth requested additional information from the contractor who provided the estimate of repairs, and Plaintiffs provided Ainsworth with the requested information on or about March 15, 2016.  On or around April 25, 2016, Ainsworth demanded line item details on the entire estimate submitted by Plaintiffs and stated that to support the estimate, Liberty required bids for the work.  This is particularly burdensome because Plaintiff had already informed Ainsworth that they do not plan to rebuild the dwelling on the same site.  Furthermore, Liberty, through Ainsworth, never provided Plaintiffs with any estimate to which their contractor could respond and instead placed the entire burden on Plaintiffs.  On or about May 20, 2016, Ainsworth again requested an itemization of the entire estimate and a more detailed breakdown of how the numbers were arrived at.

Defendant Ainsworth failed to give Plaintiffs accurate information about their claim and arrangements for Additional Living Expenses ("ALE").  When Plaintiffs attempted to make ALE arrangements with Ainsworth, he did not inform them of their options or any process they should follow, but instead told them that arrangements could not be made until Plaintiffs told him what they planned to do.  To date, Plaintiffs have only been reimbursed for a small amount of their covered ALE.

Ainsworth failed to respond to Plaintiff's requests for records pertinent to their claims.  In at least four letters sent to Ainsworth and the other adjusters during the claims process, Plaintiff

requested the original tapes or transcribed copies of any recorded statements made by the Plaintiffs. This is significant because the very application upon which Liberty based its denial of Plaintiffs' claim was finalized during a second sales call which Ainsworth did not provide to Plaintiffs.

**Defendant Holly Vaughan** was the adjuster primarily responsible for adjusting the personal property loss. Plaintiffs submitted a detailed statement of their personal property loss amounting to $348,175.00 in a letter addressed to Vaughan on or about March 6, 2016. Plaintiffs also provided to Liberty the receipts they could locate, photographs of some items of personal property, and two sets of spreadsheets. This documentation was ample proof of Plaintiffs' lost personal property. Although she was fully aware that all contents of the dwelling, including documents, were destroyed by the fire, Vaughan made unreasonable requests for additional information in order to delay the adjustment of the claim. Vaughan misrepresented that Plaintiffs were not entitled to payment for their covered personal property loss because they allegedly provided less than $5,000 in receipts. Vaughan refused to respond to inquiries from Plaintiffs. Vaughan and Liberty never provided any estimate of the personal property loss nor made any offer of settlement.

**Defendant Darrell Scott** was the adjuster who investigated Plaintiffs' losses as an investigator in Liberty's Special Investigations Unit. Scott conducted a results-oriented investigation of Plaintiffs' claims, not looking at the facts objectively but rather looking at them subjectively to the benefit of the insurer. When arson was ruled out, Scott focused his investigation on the homeowners' policy application process. Scott nit-picked every answer on Plaintiffs' application until he stumbled upon an opportunity to cancel the Plaintiffs' policy. Scott failed to respond to Plaintiffs queries as to the status of their claim and Scott's investigation.

**Attorney's fees.**  Plaintiffs re-allege the foregoing paragraphs.  Plaintiffs have been required to engage the services of the undersigned attorneys and have agreed to pay their attorneys a reasonable fee for services expended and to be expended in the prosecution of their claims against the Adjusters through the trial court and all levels of the appellate process.  Plaintiffs seek the recovery of all of their attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiffs seek the recovery of prejudgment and post-judgment interest.

### VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiffs to recover under the Policy has been or will be met.

### IX. JURY DEMAND

Plaintiffs request that a jury be convened to try the factual issues in this action.

### X. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants provide the information required in a Request for Disclosure.

### XI. REQUEST FOR PRODUCTION TO LIBERTY INSURANCE CORPORATION

1. Produce Liberty Insurance Corporation's complete claim file for Plaintiffs' losses.

2. Produce Liberty Insurance Corporation's complete underwriting file for Plaintiff's property which is the subject of this suit.

3. Produce all emails, notes, and other forms of communication between Liberty Insurance Corporation, its agents, Adjusters, employees, or representatives and Scott, Ainsworth, and Vaughan, and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' home which is the subject of this suit.

14

4.  Produce the underwriting file, application for insurance and any notes, logs, statements, audio recordings, or inspections created or produced during the application process of the Policy at issue in this suit.

### XII. REQUEST FOR PRODUCTION TO AINSWORTH, VAUGHAN AND SCOTT

1.  Produce Your complete claim or adjusting file for Plaintiffs' losses relating to or arising out of any damage which occurred.

2.  Produce all emails, notes, letters, and other forms of communication between You and Liberty Insurance Corporation, its agents, Adjusters, employees, or representatives relating to, mentioning, concerning or evidencing the Plaintiffs' losses which are the subject of this suit.

### XIII. PRAYER

WHEREFORE, Plaintiffs seek the following relief:

A.     The Court's declaration that the Policy provides coverage for the damage to the home, less only a deductible;

B.     Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiffs;

C.     Damages against the Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.     Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E.     Damages against the Insurance Defendant and the Adjusters, jointly and severally, for other violations of the Texas Insurance Code, including without limitation economic damages,

actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F. Damages against the Insurance Defendant and the Adjusters, jointly and severally, for violations of the Texas Deceptive Trade Practices Act, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

G. Damages against the Insurance Defendant and the Adjusters, jointly and severally, for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

H. Plaintiffs also seek all other financial relief and rulings to which they may be legally or equitably entitled.

Respectfully submitted,

MATTHEW R. PEARSON
State Bar No. 00788173
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas  78205
Telephone:  (210) 472-1111
Facsimile:   (210) 472-1110
mpearson@gplawfirm.com

And

JOANN SHIELDS
The Shields Law Firm
13636 Vestry, Suite 1000
Draper, Utah 84020
Telephone:  (801) 816-99592
Facsimile:  (801) 816-9593
jshields@shieldslawfirm.net

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument will be sent to the following counsel of record on the 1st day of November, 2016 by:

Catherine L. Hanna                                via efiling
channa@hannaplaut.com
Laura D. Tubbs
ltubbs@hannaplaut.com
HANNA & PLAUT, LLP
211 East Seventh Street, Suite 600
Austin, Texas 78701


_____
Matthew R. Pearson

18

FILED
DALLAS COUNTY
11/4/2016 12:52:43 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-12738

| | | |
|---|---|---|
| MATTHEW GIBSON and | § | IN THE DISTRICT COURT |
| KRISTINE GIBSON, | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION, DARRELL SCOTT, | § | |
| TRACY AINSWORTH, and | § | |
| HOLLY VAUGHAN, | § | |
|     Defendants | § | 95TH JUDICIAL DISTRICT |

## DEFENDANT LIBERTY INSURANCE CORPORATION'S ORIGINAL ANSWER AND VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation ("Liberty") and files Defendant Liberty Insurance Corporation's Original Answer and Verified Plea in Abatement to Plaintiffs' First Amended Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Liberty denies each and every, all and singular, the allegations set forth in Plaintiffs' First Amended Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

**Rescission.** Liberty further avers and asserts that Plaintiffs' claims are barred, in whole or in part, because the Policy on which they base their claims was rescinded based on their material misrepresentations on the application for insurance.

**No Action Clause/Failure to Satisfy Policy Conditions.** Pleading in the alternative, Liberty further avers and asserts that Plaintiffs have failed to satisfy all conditions precedent to

bringing this suit under their homeowners' insurance policy. The Policy provides that "no action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy." The Conditions of Section I of the Policy require:

1.   that the insureds cooperate with us in the investigation of a claim;

2.   prepare an inventory of damaged personal property showing the quantity, description, actual case value and amount of loss;

3.   provide us with records and documents we request; and

4.   submit to an examination under oath.

Plaintiffs' failure to comply with these Policy conditions means that their suit should be dismissed and/or abated until they have complied.

### III.
### PLEA IN ABATEMENT

Plaintiffs allege that Liberty acted in bad faith by failing to pay the appropriate benefits under their homeowners' insurance policy for damage caused by a fire that occurred on or about February 7, 2016. In addition to causes of action for breach of contract, fraud and breach of the common-law duty of good faith and fair dealing, Plaintiffs have also asserted causes of action for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See* Plaintiff's First Amended Petition at pp. 4-14.

Liberty is entitled to abatement because Plaintiffs did not give written notice of their claims at least 60 days before filing suit as required by Section 17.505 of The Texas Deceptive Trade Practices Act and Section 541.154 of the Texas Insurance Code. *See also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 176 (Tex. 1999). The applicable sections require that a person seeking damages under these statutes give written notice of their claims at least 60 days before filing suit. The written notice must include a description of the specific complaint and the

amount of actual damages and expenses, including attorneys' fees, reasonably incurred in asserting the claim. Plaintiffs sent their notice letter on September 27, 2016, the same day that they filed this lawsuit. Plaintiffs did not provide proper notice of their claims 60 days prior to filing suit and Liberty is entitled to an abatement of this suit.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays that this action be abated until 60 days after proper written notice is served in compliance with Section 541.154 of the Texas Insurance Code and Section 17.505 of the Deceptive Trade Practices Act; that upon final hearing hereof, Plaintiffs take nothing by reason of this action, that Liberty be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email: channa@hannaplaut.com
Laura D. Tubbs
State Bar No. 24052792
Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 4th day of November, 2016 to:

*Via Facsimile (210) 472-1110*
Matthew R. Pearson
Gravely & Pearson, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas  78205

*Via Facsimile (801) 742-8380*
Joann Shields
The Shields Law Firm
13636 Vestry, Suite 1000
Draper, Utah  84020
*Attorneys for Plaintiff*

Laura D. Tubbs

## **VERIFICATION**

STATE OF TEXAS         §
                       §
COUNTY OF TRAVIS       §

BEFORE ME, the undersigned authority in and for the State of Texas, on this day personally appeared Laura D. Tubbs known to me to be the same person whose name is subscribed hereto, who being first duly sworn in the manner provided by law on oath stated that she is duly qualified to make this affidavit on behalf of Defendant Liberty Insurance Corporation in the above-entitled and numbered cause, that she has read Paragraph III of Defendant Liberty Insurance Corporation Original Answer and Verified Plea in Abatement and the matters stated therein are within her personal knowledge and are true and correct.

Laura D. Tubbs

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 4th day of November, 2016, to certify which witness my hand and official seal of office.

LISA MARIE PETRIE
NOTARY PUBLIC
ID# 46035-2
State of Texas
Comm. Exp. 08-20-2020

Notary Public in and for the State of Texas

---